234 N.J. Super. 461 (1988)
560 A.2d 1317
ISMAEL CUEVAS, CARLOS SOTO, LUIS SOTO AND JUAN FELICIANO, AN INFANT BY HIS GUARDIAN AD LITEM, LUIS FELICIANO, PLAINTIFFS,
v.
ALLSTATE INSURANCE COMPANY AND THE NEW JERSEY AUTOMOBILE FULL INSURANCE UNDERWRITING ASSOCIATION, DEFENDANTS. VICTOR PEREZ, PLAINTIFF,
v.
ALLSTATE INSURANCE COMPANY AND THE NEW JERSEY AUTOMOBILE FULL INSURANCE UNDERWRITING ASSOCIATION, DEFENDANTS.
Superior Court of New Jersey, Law Division Middlesex County.
Decided November 10, 1988.
*462 John R. Gorman, for plaintiffs (Lutz & Shafranski, attorneys for Cuevas, Soto and Feliciano; Antonio & Flynn, attorneys for Victor Perez).
Glenn A. Grau, for defendants (Purcell, Ries, Shannon & Mulcahy, attorneys).
LINTNER, J.S.C.
Victor Perez was the driver and Ismael Cuevas, Carlos Soto, Luis Soto and Juan Feliciano were passengers in a motor vehicle which was struck by an unknown hit and run motor vehicle on November 2, 1986. Victor Perez's vehicle was insured by the defendant, New Jersey Automobile Full Insurance Underwriting Association, under a policy issued through the defendant Allstate Insurance Company. The policy insuring Victor Perez's vehicle provided for uninsured motorist coverage with limits of $15,000 per person and $30,000 per accident for all the occupants.
One of the passengers, Ismael Cuevas, had uninsured motorist coverage with limits of $15,000/30,000 available to him by virtue of a different insurance policy, also issued by the defendant Allstate to Mr. Cuevas's uncle, Ignacio Feliciano. Subsequent to unsuccessful settlement negotiations and pursuant to the Allstate policies an arbitration hearing was held on July 27, 1988. Ismael Cuevas was awarded $12,000, Carlos Soto $10,500, Luis Soto $5,000, Juan Feliciano $3,000 and Victor Perez $10,000. After the arbitration awards were rendered Allstate tendered a total of $36,000, taking the position that $36,000 represented the total amount of their obligation under both policies pursuant to N.J.S.A. 17:28-1.1c. The plaintiffs rejected *463 the tender, contending that they, collectively, were entitled to a full award or $40,500. The matter is now before the court pursuant to two Orders to Show Cause filed on behalf of the plaintiffs and subsequent motions for summary judgment filed by all parties.
The issue before the court is the nature and extent of the uninsured motorist coverage provided to the plaintiffs under the two Allstate policies pursuant to N.J.S.A. 17:28-1.1c. N.J.S.A. 17:28-1.1a requires all motor vehicle liability policies issued in New Jersey to include bodily injury coverage with limits of $15,000/30,000 for injury to the insured by an uninsured motorist. See also N.J.S.A. 39:6A-14. N.J.S.A. 17:28-1.1c provides that:
Uninsured and underinsured motorist coverage provided for in this section shall not be increased by stacking the limits of coverage of multiple motor vehicles covered under the same policy of insurance nor shall these coverages be increased by stacking the limits of coverage of multiple policies available to the insured. If the insured had uninsured motorist coverage available under more than one policy, and (sic) [any] recovery shall not exceed the higher of the applicable limits of the respective coverages and the recovery shall be prorated between the applicable coverages as the limits of each coverage bear to the total of the limits. [emphasis added.]
Allstate, relying on the above cited provision, takes the position with regard to the $12,000 awarded Mr. Cuevas that $6,000, or half of the recovery is assessable against his uncle's policy, while the other half is chargeable to the Perez policy on a prorated basis thereby entitling him to 6/34.5 of $30,000 or $5,217.29. Because the recovery of the remaining plaintiffs and Mr. Cuevas's prorated share total more than the $30,000 limits available under the Perez policy, Allstate contends that judicial intervention should be sought if the plaintiffs cannot voluntarily allocate the proceeds.
The plaintiffs, seeking to recover the full extent of the arbitration award, contend that the four claimants (Carlos Soto, Luis Soto, Juan Feliciano and Victor Perez) covered by the Perez policy are entitled to their full awards as no single award is in excess of $15,000 and the four total $28,500 ($1,500 short of the $30,000 limits). They further contend that Ismael Cuevas *464 is entitled to $10,500 from the $15,000 available from his uncle's policy plus the $1,500 remaining in the Perez policy, thereby providing him with the full extent of the arbitration award.
N.J.S.A. 17:28-1.1c represents the codification of the so-called "anti-stacking" legislation, L. 1983, c. 362, § 2(c), which became effective on January 1, 1984 and nullified our Supreme Court's prior ruling in Motor Club of America Ins. Co. v. Phillips, 66 N.J. 277 (1974); see Christy v. City of Newark, 102 N.J. 598, 610 (1986). Phillips dealt specifically with the concept that permitted an insured claimant to "stack" multiple U.M. coverages, thereby providing recovery in excess of the coverage limits of any one uninsured motorist endorsement. N.J.S.A. 17:28-1.1c specifically prohibits the concept of stacking of limits of multiple coverages available to an insured for the purpose of increasing limits of coverage. It further clarifies the situation, where an insured has multiple U.M. coverages available with different limits, by restricting recovery to the highest coverage limits and requiring that such recovery be prorated between the applicable coverage as the limits of each coverage bear to the total of the limits.
The plain meaning of the statute is to prevent the increasing of coverage limits by "stacking" thereby restricting an insured's recovery to the limits of the policy with the highest U.M. limits, and providing for a means of allocation with other available U.M. policies.
Here, the individual claimants are not seeking to recover awards in excess of the $15,000 per person limit nor are they, as a group, attempting to recover more than the aggregate $30,000 limits available from the policies covering them. They are instead seeking to be made whole by recovering arbitration awards that are within the minimum coverage afforded by the applicable uninsured motorist endorsements.
It has been said that uninsured motorist insurance "fills the gap" in compulsory insurance plans by affording maximum *465 protection to a state's residents. Riccio v. Prudential Property & Cas. Ins. Co., 108 N.J. 493, 498 (1987).
The Supreme Court has further expressed that it is "committed to a liberal construction of automobile insurance legislation to effect `the broadest protection of auto accident victims consistent with the language of the pertinent statute.'" Riccio, 108 N.J. at 502 quoting Phillips, 66 N.J. at 293. While it is the obvious intent of N.J.S.A. 17:28-1.1c to preclude a claimant from obtaining compensation in excess of the coverage provided by a single U.M. endorsement (anti-stacking), it is equally obvious that N.J.S.A. 17:28-1.1a is intended to provide full compensation to victims within the mandatory minimums established by the Legislature. The provisions of N.J.S.A. 17:28-1.1c are clearly applicable to the traditional stacking situation and not to the facts in this case where the plaintiffs' arbitration awards fall within the applicable coverage limits of each available U.M. policy.
It is the holding of this court that the prorating of U.M. policies pursuant to N.J.S.A. 17:28-1.1c is not to be utilized to cause multiple claimants to recover less than their full arbitration awards where, as here, a pro tanto application will afford full recovery to the individual claimants which is within the applicable limits of coverage afforded by any one available policy. Therefore, Ismael Cuevas is entitled to recover $10,500 from the U.M. coverage found in the Allstate policy issued to his uncle, Ignacio Feliciano, and $1,500 from the U.M. coverage afforded in the policy issued to Victor Perez. The remaining plaintiffs are entitled to full recovery of their respective arbitration awards from the $28,500 balance left in the U.M. coverage afforded by the Perez policy.
Finally, the plaintiffs argue that they are entitled to attorney's fees, prejudgment interest and costs. These same issues were addressed by the Appellate Division in Childs v. N.J. Manufacturers Ins. Co., 199 N.J. Super. 441 (App.Div. 1985), rev'd on other grounds, 108 N.J. 506 (1987). For the reason set *466 forth in Childs id. at 452, this court disallows attorney's fees and awards costs and prejudgment interest calculated in accordance with R. 4:42-11(a)ii from the date of the arbitration award.